**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| In Re: | § | |
| | § | Case No. 20-60321-rbk |
| **NORTH TEXAS MARINA** | § | |
| **INVESTMENTS, LLC,** | § | |
| | § | Chapter 7 |
| Debtors. | § | |

**MOTION FOR AUTHORITY TO SELL PERSONAL PROPERTY FREE AND CLEAR OF ALL INTERESTS PURSUANT TO 11 U.S.C. §§ 363(b) AND 363(f) AND PAY ALL OTHER NORMAL AND CUSTOMARY CLOSING COSTS AND FEES AT CLOSING**

**This pleading requests relief that may be adverse to your interests.**

**The Trustee is requesting that a hearing be set on this Motion on an expedited basis.**

**A notice of hearing will be sent once the Court has set this Motion for hearing. Any objections should be filed prior to the date of the hearing or as otherwise ordered by the Court.**

TO THE HONORABLE RONALD B. KING, CHIEF U.S. BANKRUPTCY JUDGE:

COMES NOW James Studensky, Trustee ("Trustee"), the duly appointed and acting trustee in the above-captioned bankruptcy case, and files this his *Motion for Authority to Sell Property Free and Clear of All Interests Pursuant to 11 U.S.C. §§ 363(b) and 363(f) and Pay All Other Normal and Customary Closing Costs and Fees at Closing* (the "Motion"), and in support thereof would respectfully show the Court as follows:

### I. SUMMARY

1. The Chapter 7 bankruptcy estate includes numerous items of personal business property rights (the "Personal Property") that were used or arose in association with Debtor's marina business. The Trustee has already obtained an order [Dkt. No. 186] authorizing him to sell the Personal Property by auction. After extensive efforts to locate a purchaser and preparations by the auctioneer, including efforts to locate a purchaser interested in purchasing both the Personal

Property and the real property (the "Real Property") on which Debtor operated its marina business, the Trustee has received an offer from a prospective purchaser (the "Purchaser") who wishes to purchase the Personal Property for the price of $200,000.00 (the "Purchase Price"). By this Motion, the Trustee seeks permission to sell all the Personal Property to the Purchaser (or its assigns) at the Purchase Price, subject to higher and better offers being presented by qualified purchasers before or at the hearing on this Motion. At the Purchase Price, the Trustee anticipates that at the Purchase Price all ad valorem tax liens will be able to be paid with sufficient funds leftover after paying closing costs and fees (including auctioneer expenses and commission) to make funds available for distribution in this case. Pursuant to 11 U.S.C. §§ 363(b) and 363(f), the sale will be free and clear of any remaining interests, with any such interests attaching to the proceeds with the same priority and value as to the Personal Property itself.

## II. JURISDICTION

2. This Court has jurisdiction over this proceeding under 28 U.S.C. §§ 157 and 1334. This matter constitutes a core proceeding pursuant to 28 U.S.C. § 157(b).

## III. BACKGROUND AND ARGUMENT

3. The movant is James Studensky, Chapter 7 Trustee in this case which was filed on January 6, 2020 (the "Petition Date").

4. As of the Conversion Date, the Debtor claimed ownership interests in the personal business property, including but not limited to those listed on Conversion Schedules, [Dkt. .No. 156] (the "Personal Property") and specifically including, but not limited to, boats, tractors, docks, assignment of insurance claim, all parts, tools, golf carts, scrap metal, fuel tanks, maintenance equipment, trucks, two honey wagons, fork lift, Polaris, welding trailer, work barge, shop compressor, boom lift, pressure washers, outdoor furniture, televisions, computers, jet ski, outboard motors, accounts receivable, claims against third parties, and all other miscellaneous

personal property, all sold and conveyed in its "AS IS" condition and "WHERE IS" by the Trustee and without any warranties or representations. Those ownership interests are now part of the Bankruptcy Estate. Pursuant to order from this Court [Dkt. No. 186], the Trustee already has authority to sell the Personal Property at auction, with such sale to be free and clear of all liens and interests.

5. The Trustee has also obtained authority to retain as auctioneer Bill Hall of Bill Hall Auctioneers, Inc. (the "Auctioneer") *see* Order at Dkt. No. 187]. The Auctioneer has been engaged in the process of inventorying and arranging the Personal Property for auction.

6. The Trustee has made extensive efforts to locate a purchaser for the Real Property. Most prospective purchasers expressed interest in the Real Property and the Personal Property together with the intent of continuing to operate at a marina at the Real Property. Unfortunately, the marina lease under which Debtor was operating (which was not in Debtor's name) is no longer in place and the Army Corps of Engineers has declined to commit to providing a potential purchaser with a new marina lease. As a result, the Trustee has been unable to generate a bid for the Real Property that would be sufficient to satisfy all of the liens presently claimed against the Real Property.

7. The first position lien holder on the Real Property has obtained relief from the automatic stay [Dkt No. 177] and may proceed to foreclosure as early as September, 2021.

8. Since being hired, the Auctioneer has worked diligently to prepare the Personal Property for sale by auction. However, the Trustee has received an offer to purchase the Personal Property for $200,000.00 (the "Purchase Price") by SDLD Investment Group, LLC or its assigns (the "Purchaser"). The Purchaser will deposit $200,000.00 with Trustee prior to the hearing on this Motion, however, if the sale is not approved by the Court, then Trustee will refund the entire

deposit. Based on Auctioneer's assessment of the Personal Property and the Purchase Price, the Trustee is of the opinion that the Purchase Price reflects a price that is within the range that would adequately achieve a net result that is in the best interests of the Bankruptcy Estate and the creditors and would almost certainly generate a higher net return to the Bankruptcy Estate than could be realized by proceeding with the original plan to auction the Personal Property.

### IV.   THE PROPOSED SALE

9.   The purchaser shall be the high bidder at the hearing on this Motion, or absent a higher bid it shall be the Purchaser at the Purchase Price. The Trustee has received satisfactory proof that Purchaser has cash funds available to pay the Purchase Price or otherwise close on the purchase of the Personal Property. In order to qualify as a higher and better offer, any potential purchaser will need to provide the Trustee with satisfactory proof that such purchaser has the ability to close on the purchase of the Personal Property at the amount offered by such purchaser.

10.   In the event that multiple bidders make offers on the Personal Property, the Trustee requests that the Court authorize him to proceed to close on the sale of the Personal Property to such backup bidders as may be appropriate in the event that the selected purchaser is unable to close within a reasonable time.

11.   The Trustee requests authority to pay the ordinary the Auctioneer's 10% commission at closing, as well as the following expenses:

- $17,289.52 incurred in the form of travel, labor, mileage, and costs incurred by the Auctioneer in preparing the Personal Property for auction.

12.   The Trustee anticipates that the net proceeds after subtracting all costs of closing will be sufficient to satisfy the State of Texas' ad valorem tax lien on the Personal Property. The Trustee proposes to satisfy the ad valorem tax lien as part of closing.

13. The Trustee proposes that, after payment of the ad valorem tax lien, and after payment of any applicable taxes, and aforementioned commissions and closing costs, the sale will be free and clear of any remaining interests, with any such interests attaching to the proceeds with the same priority and value as to the Personal Property itself.

14. The Purchaser is a good faith purchaser under 11 U.S.C. § 363(m) and is entitled to the protections of Section 363(m).

15. The consideration provided by the Purchaser is fair and reasonable and the sale should not be subject to avoidance. *See* 11 U.S.C. § 363(b).

16. In addition, the Trustee requests that the 14-day stay requirements of Bankruptcy 6004(h) be waived so that closing on the sale may occur promptly in order to enable the Personal Property to be removed from the Real Property prior to the anticipated foreclosure on the Real Property.

17. Concurrently with the filing of this Motion, the Trustee will mail to all creditors the notice filed as an appendix to this Motion, pursuant to Bankruptcy Rule 2002 and Local Rule 2002. If no timely objections are filed, the Court should enter an order finding that the Personal Property is claimed as owned by the Bankruptcy Estate, approving the sale, and approving the payment of ordinary and customary closing fees and costs.

WHEREFORE PREMISES CONSIDERED, James Studensky, Chapter 7 Trustee, prays that the Court approve this Motion and authorize the Trustee to sell the Personal Property as set forth herein, and for other just relief.

Respectfully submitted,

By: */s/ James Studensky*
James Studensky, Chapter 7 Trustee

GRAVES, DOUGHERTY, HEARON & MOODY, P.C.
401 Congress Avenue, Suite 2700
Austin, TX 78701
Telephone: 512.480.5626
Facsimile: 512.536.9926
bcumings@gdhm.com

By:/s/ Brian T. Cumings
    Brian T. Cumings
    State Bar No. 24082882

**COUNSEL FOR CH. 7 TRUSTEE**

**CERTIFICATE OF SERVICE**

    I hereby certify that on this the 27th day of July, 2021, I electronically filed this Motion with the Clerk of Court using the CM/ECF system which will send notification of such filing to those receiving electronic service, and service is being made by U.S. First Class Mail as reflected below and on those not receiving electronic notice. A Notice of this Motion to Sell is being mailed by U.S. First Class Mail within two business days, to those listed on the current creditors matrix appended herewith and if indicated by mail below.

Office of the United States Trustee
903 San Jacinto, Room 230
Austin, TX 78701

North Texas Marina Investments, LLC
112 County Road 1710
Cabin 10
Clifton, TX 76634
*Debtor*

Bill Hall
Bill Hall Auctioneers, Inc.
P.O. Box 339
Salado, Texas 76571

James Studensky, Chapter 7 Trustee
3912 W. Waco Dr.
Waco, TX 76710

S. Jason Gallini
The Gallini Firm, PLLC
PO Box 1283
Round Rock, TX 78680
*Debtors' Counsel*

By:*/s/ Brian T. Cumings*
    Brian T. Cumings