UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | Case No. 20-60321-rbk |
| **NORTH TEXAS MARINA** | § | |
| **INVESTMENTS, LLC,** | § | |
| | § | Chapter 7 |
| Debtors. | § | |

**MOTION FOR APPROVAL OF (1) COMPROMISE AGREEMENT, (2) TRANSFER OF REAL PROPERTY PURSUANT TO 11 U.S.C. § 363(b), AND RELATED RELIEF**

**This pleading requests relief that may be adverse to your interests.**

**The Trustee is requesting that a hearing be set on this Motion on an expedited basis.**

**A notice of hearing will be sent once the Court has set this Motion for hearing. Any objections should be filed prior to the date of the hearing or as otherwise ordered by the Court.**

TO THE HONORABLE RONALD B. KING, CHIEF U.S. BANKRUPTCY JUDGE:

COMES NOW James Studensky, Trustee ("Trustee"), the duly appointed and acting trustee in the above-captioned bankruptcy case, and files this his *Motion for Approval of (1) Compromise Agreement, (2) Transfer of Real Property Pursuant to 11 U.S.C. 363(b), and Related Relief* (the "Motion"), and in support thereof would respectfully show the Court as follows:

**I.    SUMMARY**

1.    The Chapter 7 bankruptcy estate includes a piece of real property (the "Real Property"). The Real Property was used by the Debtor in conjunction with the operation of its business and there are multiple creditors who have asserted claims allegedly secured by the Real Property. Despite extensive efforts the Trustee to obtain an offer to purchase sufficient to satisfy the liens against the Real Property, it has become abundantly clear that there is no equity in the Real Property. The Real Property is the subject of a final hearing on a motion for relief from stay, scheduled for September 21, 2021; because there is apparently no equity in the Real Property, the

Trustee anticipates that that motion for relief from stay is likely to be granted, which would result in the Real Property being foreclosed upon. By this Motion, the Trustee seeks to bring some unencumbered funds into the estate from certain of the secured creditors in exchange for payment by them to the bankruptcy estate of the amount of $35,000.00, with the Real Property to be transferred to a third-party and remaining subject to all encumbrances and the Secured Creditors foregoing any claims to be secured against the remaining property of the bankruptcy estate.

## II. JURISDICTION

2. This Court has jurisdiction over this proceeding under 28 U.S.C. §§ 157 and 1334. This matter constitutes a core proceeding pursuant to 28 U.S.C. § 157(b).

## III. BACKGROUND AND ARGUMENT

3. The movant is James Studensky, Chapter 7 Trustee in this case which was filed on January 6, 2020 (the "Petition Date").

4. As of the Conversion Date, the Debtor claimed ownership interests in Real Property listed on Conversion Schedules, [Dkt. No. 156] (the "Real Property").[1] Those ownership interests are now part of the Bankruptcy Estate.

5. According to the Schedules, as of the Conversion Date, the Debtor owed approximately to $2.1 million to creditors (including taxing authorities) purporting to be secured against the Real Property. The Trustee believes this number to currently be between $2.2 million and $2.3 million.

6. On April 13, 2021, Norman Dozier and Liston Waddle ("Dozier and Waddle") filed a motion seek relief from the automatic stay (the "Motion for Relief from Stay") [Dkt. No. 141]. The Motion for Relief from Stay requested relief from the automatic stay with respect to three

---

[1] The Real Property is further described in Exhibit A to the Motion for Relief from Stay. That Exhibit is incorporated herein by reference.

2

liens claimed against the Real Property (respectively, the "First Lien", "Second Lien", and "Third Lien").

7. On April 23, 2021, the Trustee filed his response (the "Response") [Dkt. No. 162] to the Motion for Relief from Stay. In essence, the Response requested time for the Trustee to attempt to sell the Real Property. At that time, the Trustee believed that there might be equity in the Real Property; as described below, that belief has turned out to be illusory.

8. On May 26, 2021, the Court entered an agreed interim order (the "Agreed Interim Order") [Dkt. No. 177] lifting the stay with respect to the First Lien. The Court further ordered that a final hearing (the "Final Hearing") would take place on September 21, 2021 at 1:30 p.m.

9. The Trustee has fielded inquiries from more than a dozen persons expressing interest in purchasing the Real Property. Most of those persons proclaimed interest in the Real Property as the location for a potential marina. The Trustee is unable to sell the Real Property as a marina per se because there is no valid marina lease with the Corps of Engineers.

10. Of the offers to purchase received by the Trustee, none of them were in an amount that would enable the Trustee to pay off all of the claimed liens. Accordingly, the Trustee does not believe that there is any equity in the Real Property. As such, the Trustee sees no reason that at the Final Hearing the stay will be also be lifted with respect to the Second Lien and the Third Lien.

11. Dozier and Waddle also allege to be secured against non-real property of the bankruptcy estate.

**IV. THE PROPOSED COMPROMISE AND TRANSFER OF THE REAL PROPERTY**

12. Dozier and Waddle are already entitled to proceed to foreclosure on the First Lien. Because there is no equity in the Real Property, the Trustee believes that Dozier and Waddle will

also shortly be able to obtain relief from stay in order to proceed to foreclosure on the Second Lien and the Third Lien.

13. In the event that Dozier and Waddle move forward with foreclosing on the Real Property under each of the First Lien, Second Lien, and Third Lien, the Trustee anticipates that there will be no monies flowing to the bankruptcy estate.

14. After arms' length negotiations, the Trustee has convinced Dozier and Waddle to agree to a compromise that would bring an additional $35,000.00 in unencumbered cash into the bankruptcy estate and remove any encumbrances claimed by Dozier and Waddle with respect to the non-real property remaining in the bankruptcy estate. In exchange, the Trustee would transfer the Real Property, with the Real Property remaining subject to all liens and encumbrances, to an entity or its assigns.

15. The proposed compromise agreement (the "Compromise Agreement") is attached hereto as Exhibit 1.

16. In addition, the Trustee requests that the 14-day stay requirements of Bankruptcy Rule 6004(h) be waived so that the Bankruptcy Estate's responsibility for the Real Property and any liabilities associated therewith can be ended as promptly as possible.

WHEREFORE PREMISES CONSIDERED, James Studensky, Chapter 7 Trustee, prays that the Court approve this Motion and authorize the Trustee to transfer the Real Property and enter into the Compromise Agreement as set forth herein, and for other just relief.

Respectfully submitted,

By: /s/ James Studensky
James Studensky, Chapter 7 Trustee

[SIGNATURE BLOCK CONTINUED ON NEXT PAGE]

        GRAVES, DOUGHERTY, HEARON & MOODY, P.C.
        401 Congress Avenue, Suite 2700
        Austin, TX 78701
        Telephone: 512.480.5626
        Facsimile: 512.536.9926
        bcumings@gdhm.com

        By:/s/ Brian T. Cumings
           Brian T. Cumings
           State Bar No. 24082882

        **COUNSEL FOR CH. 7 TRUSTEE**

## CERTIFICATE OF SERVICE

      I hereby certify that on this the 9th day of September, 2021, I electronically filed this Motion with the Clerk of Court using the CM/ECF system which will send notification of such filing to those receiving electronic service, and service is being made by U.S. First Class Mail as reflected below and on those not receiving electronic notice. A Notice of this Motion to Sell is being mailed by U.S. First Class Mail within two business days, to those listed on the current creditors matrix appended herewith and if indicated by mail below.

| | |
|---|---|
| Office of the United States Trustee<br>903 San Jacinto, Room 230<br>Austin, TX 78701 | James Studensky, Chapter 7 Trustee<br>3912 W. Waco Dr.<br>Waco, TX 76710 |
| North Texas Marina Investments, LLC<br>112 County Road 1710<br>Cabin 10<br>Clifton, TX 76634<br>*Debtor* | S. Jason Gallini<br>The Gallini Firm, PLLC<br>PO Box 1283<br>Round Rock, TX 78680<br>*Debtors' Counsel* |

        By:*/s/ Brian T. Cumings*
           Brian T. Cumings